No. 10,090.

THE STATE EX REL. E. S. JAFFRAY & CO. VS. JUDGE OF THE NINTH JUDICIAL DISTRICT.

*Mandamus* does not lie to compel a district judge to dissolve a sequestration unconditionally, on bond by plaintiff, where the property sequestered had already been attached.

Coupling the dissolving order on bond with the provision that it shall not be construed as a release of the property from the attachments previously levied upon it, was a wise and judicious reserve.

An *ex parte* dissolution of a sequestration on bond does not affect attaching creditors who are not parties either to the suit in which the writs issued, or to the motion to dissolve.

A restraining order will not issue where the party seeking it may obtain relief by other adequate remedy in the lower court.

APPLICATION for Mandamus.

*Wade R. Young,* for the Relators.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel the district judge to dissolve unqualifiedly a sequestration on furnishing bond.

The main averments are, that the relators caused to be sequestered certain goods which they had sold and delivered to certain parties, and which had been attached by creditors of the latter, as their property, although the price of sale had not been paid.

On the theory that the non-payment of the price and that the fraudulent devices which had been resorted to by the purchasers to obtain delivery, annulled the sale, and reinvested title in the vendors, the relators obtained a sequestration as against the vendees, and, on their failure and that of any one else, within the legal delay, to dissolve the sequestration,on bond, procured that dissolution on giving security in a stated amount; but the judge coupled his decree with a *proviso* that it should not be construed as a release from the attachments issued by other parties against the same property sequestered.

The complaint is that the district judge had no authority to make the reserve, which crippled the order of dissolution, and that by so doing he has acted illegally and arbitrarily.

Conceding that our supervisory power may be invoked in such a case, it is manifest that they cannot be exerted as the relators contend they ought to be.

The attaching creditors are not parties to the sequestration proceedings, and even then, have not been heard on the motion to dissolve the sequestration on bond, which is, as usual, *ex parte*, and surely not binding on any one not legally connected with the suit.

Had not the district judge made the *proviso* it would have been implied in the dissolving order, which cannot prejudice those who are not parties to the record, and have had no knowledge of it.

Asking that the *proviso* be pronounced illegal is to claim that the dissolution shall have the effect of releasing the property from the attachments already levied upon it, which cannot be allowed.

The district judge acted wisely, and the complaint is unfounded.

We did not grant *in limine* the restraining order asked to prevent the sheriff from selling the attached goods, as the relators were not left without adequate remedy in the lower court.

Application refused.