## SHORE et al. v. UNITED STATES.

### SHORR et al. v. SAME.

(Circuit Court of Appeals, Seventh Circuit. March 30, 1922.)

Nos. 2960, 2961.

1. **Abatement and revival ⊚⇒4—Suit by United States to abate liquor nuisance instituted by Attorney General of state abated by pendency of prior similar suit instituted by United States district attorney.**

Suit by the United States to abate a liquor nuisance instituted by the Attorney General of the state was abated by the pendency of prior suit by the United States government to abate such nuisance brought by the United States district attorney.

2. **Appeal and error ⊚⇒837(2)—Testimony in two suits for the same purpose tried at the same time viewed as an entirety, though one was abated because of prior suit.**

Where separate suits by the United States government to abate a liquor nuisance, one instituted by the United States district attorney and the other by the Attorney General of the state, were tried at the same time, the testimony, whether presented in the one suit or in the other, should be viewed as an entirety by the Circuit Court of Appeals in passing on the sufficiency of the evidence to sustain finding of District Court as to existence of liquor nuisance, even though one of the suits was abated by the pendency of the prior suit.

3. **Trial ⊚⇒396(1)—Findings drawn to conform to allegations of complaint.**

A finding should be drawn to conform to the allegations of the complaint.

4. **Injunction ⊚⇒12—If acts complained of have ceased, plaintiff must show that violations of law will be repeated, to warrant injunction.**

Where injunctional relief is sought because of repeated and continuous breaches of duty for violations of the law, the evidence must show that such violations, if not prevented, will occur in the future, and if the transgressions have ceased before the bill is filed, and if it appears that they will not be repeated, injunctional relief will not be granted, but the aggrieved party will be left to his action at law.

5. **Intoxicating liquors ⊚⇒278—Direction for decree for complainant in suit to abate liquor nuisance involved finding as to existence of nuisance at time of commencement of action.**

In suit to abate nuisance maintained in violation of the National Prohibition Act, court's directions for a decree for complainant necessarily involved a finding that a nuisance was being maintained at the commencement of the suit, notwithstanding express finding as to maintenance of nuisance on specified date prior thereto.

6. **Appeal and error ⊚⇒1122(2)—Circuit Court of Appeals may consider evidence and make findings in equity suit.**

On appeal from a decree in an equity suit, the Circuit Court of Appeals may consider the evidence and make findings of fact determinative of the controversy.

7. **Appeal and error ⊚⇒1122(2)—Circuit Court of Appeals may determine whether nuisance existed at time of suit to abate nuisance, notwithstanding District Court's failure to make finding relative thereto.**

In a suit to abate liquor nuisance, maintained in violation of the National Prohibition Act, decree for the government will not be reversed, though the finding as to the maintenance of the nuisance related to a time prior to the commencement of the action, and there was no finding as to existence of nuisance at time of commencement of action, but the

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Circuit Court of Appeals will view the evidence and determine for itself whether nuisance existed at time the action was commenced.

8. **Evidence ☞67(1)—Nuisance shown to exist presumed to continue.**

In suit to abate liquor nuisance, a nuisance once shown to exist will be presumed to continue.

Appeals from the District Court of the United States for the Southern Division of the Northern District of Illinois.

Suits by the United States, instituted by the United States District Attorney, against Isadore Shore and another, and by the United States, instituted by the Attorney General of Illinois, against Izidor Shorr and another. Decrees for the United States, and defendants appeal. Decree in suit instituted by the United States District Attorney affirmed, and that rendered in suit instituted by the Attorney General of Illinois reversed.

Francis Borrelli, of Chicago, Ill., for appellants.

C. W. Middlekauff, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Two separate suits were instituted, one by the United States district attorney and one by the Attorney General of Illinois, both in the name of the United States and against the same parties, and both to abate a nuisance maintained on the premises commonly called the "Entertainers' Café," conducted by appellants at 209 East Thirty-Fifth street, Chicago, Ill. The suit instituted by the district attorney, No. 2960, was filed first, and a restraining order issued on the same day, November 24, 1920. The other suit, No. 2961, was begun November 30, 1920, and a restraining order entered on the same day. Both suits were heard February 9, 1921, and the court announced:

"I will hear them both at the same time. The evidence applicable to the one will be heard as the evidence in that case, and the evidence applicable to the other will be considered as to the other suit."

The evidence introduced in both suits was pertinent to the only controverted issue involved, viz. the maintenance of the nuisance. In other words, the evidence offered in each suit consisted of a recital of instances of the sale of whisky upon the premises in question either in pint bottles or as individual drinks.

[1, 2] It is first contended by appellants that the testimony, if limited to the suit in which it was offered, was insufficient to support the decree. As we view the record, there was but one suit pending, No. 2960; the other being abated by the pendency of this prior suit. There could be no valid objection to part of the testimony being offered by one officer and the balance by the other. The witnesses for the government, whether presented in one suit or the other, united in saying that the premises in question were maintained as a nuisance; that whisky was freely and openly sold for 75 cents a drink or $10 a pint. This evidence taken at one time, with defendant given full opportunity to cross-examine the witnesses, should be viewed as an entirety in establishing or defeating the government's suit. We are satisfied that the evidence

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amply justified the court in finding that the premises were maintained by appellant as a nuisance, and this conclusion is justifiable, whether the entire evidence is considered as a whole, or whether the evidence in each individual suit is considered separately.

It is claimed, however, that the finding does not support the decree. In other words, in No. 2960 the court recited in the decree that the premises, describing them, "were on the *24th day of August, A. D. 1920,* a common and public nuisance where intoxicating liquor was kept and sold." In No. 2961 the decree recited that the premises, describing them, "were on the *19th day of November, A. D. 1920,* a common and public nuisance." Counsel for appellant relies upon the provision in section 22 of title 2 of the National Prohibition Act (41 Stat. 314), which reads as follows:

"It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, *but on finding that the material allegations of the petition are true,* the court shall order that no liquor shall be manufactured, sold, bartered, or stored in such room," etc.

The complaint charged the maintenance of a nuisance on the date the bill was filed, to wit, November 24th. The finding that the premises were maintained as a nuisance on August 24th, therefore, leaves an hiatus of three months not covered by the finding.

[3, 4] It is, of course, elementary that the finding should be drawn to conform to the allegations of the complaint. Where injunctional relief is sought because of repeated and continuous breaches of duty or violations of the law, the evidence must show that such violations, if not prevented, will occur in the future. Relief by injunction looks toward the future. Its purpose is to prevent future injury or to regulate the future conduct of a party. If the transgressions have ceased before the bill is filed and before proceedings are instituted, and if it appears that they will not be repeated, injunctional relief will not be granted. The aggrieved party will be left to his action at law. Hence, in the present instance, if the parties who have maintained their premises as a nuisance in violation of the National Prohibition Act abated the nuisance and ceased violating the law, prior to the institution of any suit, injunctional relief should have been denied.

[5] We have, however, in the present instance, a record which contains in the two formal documents signed by the District Judge findings that the premises were being maintained as a nuisance on August 24th and on November 19th. The record further shows that the decree as drawn did not comply with the direction of the judge, who at the close of the evidence announced his decision in favor of complainant. This direction for a decree in complainant's favor necessarily involved a finding that a nuisance was being maintained on the premises at the time of the commencement of the suit. The correctness of this conclusion is verified by our examination of the evidence. Were we convinced that the lapse of time from November 19th to November 24th was such as to make it necessary to reverse the decree, the reversal would be for the limited purpose of requesting the trial court to cover the period by a finding. No new trial would be necessary.

Upon the record presented, however, all the evidence is before us. We are aided by the findings heretofore quoted. Even though it be conceded they were insufficient to support the decree, we think they are not inconsistent with the further finding that the premises were a nuisance on November 24th. The evidence fails to show any change in the business between November 19th and November 24th. In fact, the same condition existed throughout the year 1920.

[6-8] There is no question but that this court, on an appeal from a decree in an equity suit, may consider the evidence, and make findings of fact which are determinative of the controversy. Whether the ends of justice will be better promoted by this practice, or by remanding the cause, with directions to the District Judge to cover the controverted issue by an additional finding, may well depend upon the facts in the individual case. On the present appeal, in view of the absence of all dispute, and in view of the specific findings heretofore referred to, we have no hesitancy in here finally disposing of the suit. In other words, we find that the condition which existed on August 24th and November 19th continued to November 24th. Such a finding of fact is strengthened by the presumption that a condition once shown to exist will be presumed to continue, and this presumption applies to nuisances. Com. v. Finnerty, 148 Mass. 162, 19 N. E. 215; 1 Wigmore on Evidence, § 382; 16 Cyc. 1053.

This phase of the case has doubtless received more attention than it deserves, for we are convinced that the court below found and intended to include in the decree a recital that the premises were being maintained as a nuisance at the time the bill was filed. Other questions presented on this appeal were either not preserved here, or have been fully disposed of by the decision in Lewinsohn v. U. S., 278 Fed. 421.

The decree in No. 2960 is affirmed; in No. 2961, it is reversed.