## McCOMB v. GOLDBLATT BROS., Inc.
### Nos. 9348, 9349.

Circuit Court of Appeals, Seventh Circuit.
March 3, 1948.

William S. Tyson, Sol., Bessie Margolin, Asst. Sol., and Morton Liftin, Atty., De-partment of Labor, all of Washington, D.C., William A. Lowe, Regional Atty., and Richard W. Proctor, Asst. Atty., Department of Labor, both of Chicago, Ill., and Helen Grundstein, Atty., Department of Labor, of Washington, D. C., for appellant.

Abram N. Pritzker and Stanford Clinton, both of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This cause first came here in 1942, Walling v. Goldblatt Bros., 128 F.2d 778, when we reversed the judgment of the District Court, entered at the conclusion of plaintiff's evidence, finding that defendant's employees there involved were not within the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and directed the trial court to hear defendant's evidence upon its claims that its employees were exempt. Thereafter, on January 12, 1944, some four years after the original suit was instituted, plaintiff amended its petition, averring that certain employees in addition to those originally named were within the law and that as to them also defendant was violating the Act. At the second hearing, the court found that all employees involved were exempt under Sections 13(a) (1) and 13(a) (2). Upon appeal this court decided that the employees were not exempt and reversed the judgment, 7 Cir., 152 F.2d 475. A petition for a writ of certiorari was denied by the Supreme Court May 27, 1946, 328 U.S. 854, 66 S.Ct. 1344, 90 L.Ed. 1627. Following this, on June 13, 1946, defendant renewed its motion for judgment on the mandate.

In the meantime, while the petition for certiorari was still pending, defendant's counsel wrote plaintiff's regional attorney that, though defendant had up to then taken the position that its employees were not subject to the Act, notwithstanding its differences with the Administrator, defendant "is, and for sometime past has been, observing the labor standards prescribed by the Act" and made formal request for an investigation by the Wage

and Hour Division to determine that fact affirmatively. The attorney replied that it was not then possible to make the investigation.

In answer to plaintiff's motion, defendant contended that no injunction should be awarded. It announced that it had witnesses present who would testify that it had for many months complied and still was complying with the Act and that it expected to continue to do so. The court suggested that, rather than have an extended hearing, it would be satisfactory if defendant would supply its evidence in the form of affidavits, saying that plaintiff might file counter-affidavits or make such further presentation as it thought proper. No objection was offered to this method of procedure. Obviously, the court was justified in believing that plaintiff acceded to the suggestion.

Following this, on July 10, 1946, defendant filed its affidavit showing that the payroll of the company had been carefully checked in order to ascertain accurately the wage and hour standards of all employees involved, and that, after such checking, it had been determined that each and every employee covered by the decision of this court in the two appeals was being compensated on the basis of not less than fifty-five cents per hour with time and a half for all hours worked in any week in excess of forty; that at all times in the past defendant had compensated any of its employees at less than the minimum wage only in the honest and sincere belief that such employees were exempt; that, since the issue had been finally adjudicated to the contrary, it had no intention of violating the Act as to any of its employees; that it had issued express directions to that effect, and that it intended to exercise the greatest of diligence and good faith in complying with the provisions of the Act in all respects. Plaintiff filed no counter-affidavits, challenged in no way the statements of fact contained in defendant's affidavit, objected not at all to the adopted procedure and made no request for opportunity to present any evidence. He took the position at all times that, despite defendant's good faith, its proved compliance with the Act and its expressed intention to observe the provisions of the Act, plaintiff was still entitled to an injunction.

The court found that all employees of the company, for a long time past, had been compensated in accordance with the provisions of the Act; that defendant had, at all stages, acted in good faith; and that such violations as had previously occurred had been committed in the honest and sincere belief that none of defendant's employees was subject to the statute; that defendant had no intention of committing any further violations and had issued express directions that all employees should be compensated in complete accord with the standards of the Act; that plaintiff did not dispute defendant's present compliance and that the court was satisfied that defendant would exercise the greatest diligence and good faith in complying in all respects. The court entered conclusions of law, in accordance with this court's opinion in the last appeal; but held that there existed no necessity for issuance of an injunction, and denied the application for the writ. From that order this appeal is prosecuted.

Plaintiff admits that the allowance or denial of an injunction is within the sound discretion of the court but contends that on the mandate issued the District Court was bound to grant the injunction; that the evidence by way of affidavit did not furnish adequate basis for the court's order; and that the denial of the injunction constituted an abuse of discretion.

We think there is no question but that plaintiff is precluded from raising in this court for the first time any issue as to the procedure followed by the District Court in determining whether there existed necessity for an injunction. No objection was made in the District Court; rather, as we have seen, defendant acquiesced in the procedure. The language in Maloney v. Brandt, 7 Cir., 123 F.2d 779, 782, is pertinent: "It has long been a rule of practice that a reviewing Court will not consider assignments of error not called to the attention of the trial court where such matters do not concern the jurisdiction of the court. It would manifestly be unfair to hold that the trial court

had erred in a matter it had not considered. Litigants are not entitled to hide a point in an obscure pleading and present it for the first time on review, but should fully and fairly acquaint the trial court with all matters relied upon." See also Chatz v. Midco Oil Corp., 7 Cir., 152 F. 2d 153, certiorari denied, 329 U.S. 717, 67 S.Ct. 49, and Bergeron v. Mansour, 1 Cir., 152 F.2d 27 (CCA1). Had the plaintiff objected to the procedure followed in the District Court, that court would have had opportunity to require, instead of affidavits, testimony in open court. Plaintiff may not, in view of his acquiescence, complain on appeal.

Plaintiff contends that it was abuse of discretion on the part of the trial court to deny the injunction because of the record of violations earlier in the history of the cause. But the court found, as a fact, that defendant's actions had at all times been in good faith based upon its honest conviction that the Act did not apply. It is to be borne in mind in this respect that the questions of law involved were then uncertain, and that when the decisive adjudication of Phillips v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876, ultimately came along sustaining plaintiff's position, the Supreme Court there overruled three decisions, Walling v. Wiemann, 7 Cir., 138 F.2d. 602, in which certiorari had previously been denied, 321 U.S. 785; Walling v. Block, 9 Cir., 139 F.2d 268, in which also certiorari had previously been denied, 321 U.S. 788, 64 S.Ct. 787, 88 L.Ed. 1078; and Allesandro v. Smith, 6 Cir., 136 F.2d 75, 149 A.L.R. 382, all of which had encouraged defendant's contentions. Thus it will be seen that, in the unsettled state of the law prior to the Phillips decision, various courts had made interpretations tending to support defendant and that the contentions of defendant, in view of these early favorable decisions, were not frivolous but substantial. In view of these circumstances, the District Court expressly found that the contentions presented by defendant had been honestly made as a result of the conviction of its counsel that the law did not apply. Despite this doubt, however, as to the applicability of the Act, defendant, of its own accord, before the litigation was terminated, complied with the Act and assured the court that it would continue to do so.

In Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 591, 88 L.Ed. 754, the court said: "A grant of jurisdiction to issue compliance orders hardly suggests an absolute duty to do so under any and all circumstances. * * * 'An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity.' Meredith v. Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 11 [88 L.Ed. 9]. The historic injunction process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims." In Walling v. T. Buettner & Co., 7 Cir., 133 F.2d 306, 308, this court said: "Courts of equity are not to be used to punish past offenses, but only in a proper case to prevent wrongdoing in the future. United States v. United States Steel Corporation, 251 U.S. 417, 445, 40 S.Ct. 293, 64 L.Ed. 343, 8 A.L.R. 1121; Shore v. United States, 7 Cir., 282 F. 857, 859; Securities and Exchange Commission v. Torr, 2 Cir., 87 F.2d 446; Fleming v. Phipps, D. C., 35 F.Supp. 627; Fleming v. National Bank of Commerce, D. C., 41 F. Supp. 833. The remedy is never afforded on suspicion or on the ungrounded fear that the offense may be repeated in the future. * * * Employers who are acting in good faith and endeavoring to comply with the law should not be harassed by the process of a court of equity coercing them to do what they are willing to do and are trying to do voluntarily. Equity will promptly respond to meet a violation or a threatened violation, and it will as emphatically refuse its aid where none is made to appear." Motions for injunctions are not welcome pleas; as a rule they are not favored, for injunction by government

is well-nigh contrary to American tradition; the remedy is such that it should not be employed except where there exists threat of continued injury or irreparable damage. In view of the fact that defendant was complying with the law; that it had been complying for many months; that it had taken steps to see that compliance was made certain and absolute, and had promised that it would not violate the law hereafter, we think the record supplies no justificaton for deciding that the District Court abused its discretion.

The plaintiff insists that entry of an order for an injunction was mandatory, in view of this court's mandate. But it should be observed that in neither of the appeals was any question presented as to whether a writ should issue. The District Court had found the Act inapplicable to defendant's employees. This court reversed and remanded. The District Court then, for the first time, was confronted with the necessity of deciding whether, as a court of equity, it should grant an injunction. There was nothing in the mandate of this court touching the question of injunction or intending in any way to limit the court's power to determine, within its discretion, whether an injunction should issue.

The judgment is affirmed.