**HUMBLE OIL & REFINING CO. et al. v. SUN OIL CO.**

No. 12792.

United States Court of Appeals
Fifth Circuit.

June 25, 1949.

Gordon Boone, Corpus Christi, Tex., Allen V. Davis, Corpus Christi, Tex., Jacob S. Floyd, Alice, Tex., R. E. Seagler, Houston, Tex., and Nelson Jones, Houston, Tex., for appellant.

Frank J. Scurlock, Dallas, Tex., and Sam G. Croom, Houston, Tex., for appellee.

Before HUTCHESON, SIBLEY and McCORD, Circuit Judges.

PER CURIAM.

Suing for the title and possession of the leasehold estate in and under described tracts of land and to remove cloud therefrom, and alleging in the complaint the need to go upon lands of defendants to make a survey, appellee, plaintiff below, alleged that a mere order pursuant to Rule 34 would not accomplish the desired purpose, and prayed for a preliminary injunction restraining defendants from interfering with plaintiff's making such survey.

The injunction granted, defendants have appealed. As grounds for reversal they put forward two grounds. One of these is that Rule 34,[1] Federal Rules of Civil Procedure, 28 U.S.C.A., provides a plain, adequate, and complete remedy for the discovery appellee claims it needs and the injunction ordered was improvidently issued. The other is that if in any case an injunc-

---

1 "Rule 34. Discovery * * *.

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court * * * may * * * (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26."

tion in lieu of Rule 34, Discovery, may be issued, this is not such a case, for the evidence showed that the facts to be developed by the proposed survey are not material to the establishment of the boundary line in dispute.

Appellee meets these contentions head on. It urges as to the first ground: that it is concerned with mere matters of form and not of substance; that all the procedural steps required by Rule 34 were complied with; that the injunction was sought merely as an incident to a Rule 34 order; and that Rule 37, prescribing the consequences of refusal or failure to comply with such order is not in this particular case adequate to secure compliance. So urging, appellee insists that the injunction was properly issued.

As to the second ground, appellee insists: that the standards of materiality for the purpose of discovery before trial are considerably broader than at the trial; that the facts sought to be established by the survey are material to the controversy; and that, viewed from the standpoint of substance, the issuance of the injunction was right and proper.

Of the opinion that appellant's first ground for reversal is well taken and that the order must be reversed on that ground, we find it unnecessary to consider or discuss the second ground.

Looking at the grant of the injunction, as it was intended to be, and was, issued by the district judge, as an order not in aid of discovery under Rule 34, but entirely independent of it,[2] we think it clear that it was improvidently granted.

Looking at it, as appellee now insists in his brief we should do, as an injunction in aid of Rule 34, we think it equally clear that it was improvidently granted. First, it is quite clear that the procedure to obtain it was not begun or carried on under Rule 34. Second, Rule 34, construed in connection with Rule 37, makes definite provision for the consequences of a refusal to make discovery or failure to comply with the order, one of which is that the failure to comply shall be considered a contempt.

No equitable reason, therefore, can be advanced for the grant of an injunction, the only effect of which is to put in the position of a contemnor one who disobeys it when the rules already make provision for putting in contempt anyone who disobeys the rule.

What appellee is attempting to do here is, without any necessity or reason for it, to employ a substitute procedure for that provided in the rules. This procedure is not only more cumbersome and less precise and effective in the trial court, but it enables the progress of the suit to be delayed while interlocutory appeals are being heard. In addition, by introducing interlocutory appealable orders where the rules provide for none, it unduly increases the burdens of the appellate Court. The order appealed from is reversed and the cause is remanded for further and not inconsistent proceedings.

---

[2] To the insistence of counsel for appellant that he know whether they were proceeding under Rule 34, counsel for appellee stated: "We are proceeding, if Your Honor pleases, on an application for a preliminary injunction for relief that is authorized by Rule 34 * * * I want to say that we have considered a procedure under Rule 34 by simply a motion, but we decided to proceed by an application for a preliminary injunction for several reasons * * * We believe that the relief which we have and the protection to our people when they go there will be better served by the preliminary injunction than would be true by a mere order under Rule 34."

Counsel for appellants then stated: "Is the Court going to treat this as a motion under Rule 34, or as an application for injunction."

The Court: "The order as I recall it was a motion to show cause why a preliminary injunction would not be granted."

Mr. Seagler: "Regardless of their efforts under Rule 34?"

The Court: "There is no mention of Rule 34."