62 So.2d 838 (1953)
FORD
v.
WILLIAMS.
No. 3625.
Court of Appeal of Louisiana, First Circuit.
January 26, 1953.
*839 LeRoy White, Lake Charles, for appellant.
Stone & Toomer, Lake Charles, for appellee.
LOTTINGER, Judge.
Petitioner filed suit for personal damages resulting from a blow to his person allegedly inflicted by defendant. The lower court gave judgment in favor of petitioner in the sum of $1,406. Defendant then moved for a new trial, which was denied. Defendant has appealed from the lower court's judgment.
The petition was filed on September 26, 1951. It alleges that, during the course of an altercation on the night of June 16, 1951, defendant struck petitioner on the jaw with a heavy board, causing the loss of two teeth and a broken jaw for which damages are prayed. It appears, from the petition, that petitioner was at no way in fault, and was merely an onlooker when he was jumped upon by defendant and others. On September 27, 1951, defendant filed an answer admitting an altercation on the night in question, but denying that he was a party to it or that he struck any blow to the person of petitioner.
The matter was set for trial for February 1st, 1952. On said date the defendant and his attorney were absent from court. Nonetheless the case was called and petitioner submitted evidence to prove his case, upon the conclusion of which judgment was rendered for petitioner.
A motion for a new trial was filed on February 7, 1952. The minutes of the lower court of February 11, 1952, show that the motion was argued and a new trial granted, however, said stipulation was obviously erroneous as the judge has placed into the record a statement to the effect that on said date he stated that he would entertain an application for a new trial and hear argument thereon at a later date. Argument on the motion for the new trial was had on March 11, 1952, and the motion denied.
Defendant has assigned three specifications of error below. These are as follows, to-wit:
1. The judgment awarded by the Court is contrary to the law and the evidence and should be reversed by this Honorable Court.
2. The trial court erred in amending the minutes of February 11, 1952, which stated that defendant was granted a new trial.
3. In the alternative, the Trial Court erred in not granting the defendant a new trial.
As to the first of said errors, defendant claims that the lower court erred in finding that defendant was a joint tortfeasor and that the injuries to petitioner resulted from said joint tort, and, furthermore, that the evidence as to the joint tort was an enlargement of the pleadings. He claims, therefore, that such evidence was not admissible and should not have been *840 considered in reaching the conclusion below. Paragraph 2 of the petition alleges in part as follows:
"* * * that as petitioner reached the said front porch, he was assaulted and struck by one Johnny Williams, son of said Edward or Eddie Williams, to whom he had not given any provocation or even offense; that he was then attacked by two other persons unknown to petitioner who came to the aid of said Johnny Williams and succeeded in knocking petitioner to the ground; that as petitioner lay there, the said Edward Williams, defendant herein, approached petitioner and struck him on the jaw with a heavy board, rendering him unconscious."
The testimony of petitioner at trial was to the effect that, on the particular night, he walked out of the door of the Green and White Bar and was struck by Johnny Williams. Petitioner struck back and the two began fighting. As they were fighting, Mary Williams struck petitioner in the back of the head with a cane. Johnny and Mary then threw petitioner to the ground and Johnny straddled petitioner and continued fighting him. At this time Eddie Williams struck petitioner on the jaw with a board. In short the affray started between Johnny Williams and petitioner. Johnny was later joined by his mother, Mary Williams, and then his father, the defendant herein.
We cannot see where such evidence constitutes an enlargement of the allegations of the petition. The fact that the petition states that petitioner was knocked down by two unknown persons, whereas the testimony names said persons, is not objectionable because at the time the petition was drawn up, petitioner might not have known who knocked him down. The petition clearly states that there were several parties to the affray against petitioner, one of whom was defendant. The evidence clearly shows that defendant, his wife, and his son were the parties against petitioner, and we do not see how this could possibly constitute an enlargement of the pleadings.
As to the finding below that defendant was a joint tort-feasor and that the injuries resulted therefrom we are unable to find error. Several witnesses testified that the defendant and his wife and son were fighting against petitioner. They saw the defendant hit petitioner with a board, and saw his wife hit petitioner with a cane. That they were engaged in a common objective is unquestionable, and they were undoubtedly joint tort-feasors. Article 2324 of the Louisiana Statutes Annotated-Civil Code provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
American Jurisprudence 4, Assault and Battery 138, states:
"In an action for an assault or a battery committed by several, each participant is jointly and severally liable, and suit may be maintained against any one or all and recovery had for the full amount of the damages sustained."
Although none of the witnesses saw the fight begin, they testified that they saw the defendant, his wife and his son strike petitioner when he was on the ground, the son with his fist, the wife with a cane, and the defendant with a board. Except for the testimony of petitioner himself, it is not clear from the evidence as to who started the fight. However, it is fundamental law that a person can only use reasonable force in repelling an invasion of his person, and it is clear that, even though we were to assume that petitioner was the aggressor, an unreasonable amount of force was used by defendant and his family in repelling same.
Another cause of error alleged by defendant is the fact that the lower court amended the minutes of February 11, 1952, granting a new trial. According to the court's declaration of March 11, 1952, the said minutes were erroneous as a new trial had not been granted. We find no reversible error in this contention. It is the duty of the courts to keep accurate minutes *841 of all proceedings before them, and, furthermore, it is the duty of the courts to correct any inaccuracies in said minutes.
Defendant claims error because of the fact that petitioner failed to introduce testimony of his physician as to the extent of his injuries. The law only requires that a petitioner prove his demand by a preponderance of the evidence. This was done and the lower court gave judgment in the sum of $1406. The court itemized said damages as follows: fourteen weeks loss of salary at $18 per week, $100 medical bills, $54 travel expenses to and from New Orleans, and $1,000 for pain and suffering. Considering the injuries suffered, we find no error in this award.
As to the failure of the lower court to grant a new trial, defendant alleges error because neither defendant nor his counsel were present below, and defendant now claims that he can give positive evidence that defendant did not strike the blow which caused the injuries complained of. As to the absence of defendant and his attorney from the trial below, they have given no valid excuse. Defendant claims that he understood that the matter was about to be compromised and would not be tried. There is nothing in the record to justify such belief. The case was regularly set for trial for February 1st, 1952, and the defendant admits that he was duly notified of such. The case was called and some delay was allowed to give defendant an opportunity to appear. When he and his counsel failed to appear, and petitioner stated that he was ready to proceed, the trial commenced. The absence was due entirely to the neglect of defendant and would not warrant the granting of a new trial.
The evidence which defendant now claims he is able to introduce in order to show that defendant did not inflict the damaging blow to petitioner is a confession by defendant's wife to the effect that she is the person who inflicted the blow. This same evidence was available to defendant on the date of trial below, and, in view of the fact that we have decided that defendant, his wife and son were joint tortfeasors, such evidence would have no effect whatsoever on our decision in the matter. Under Article 2324 of the LSA-Civil Code, regardless of whether it was defendant, his wife, his son, or another in the fight, who inflicted the damaging blow, either or all of them would be liable for the resulting damages.
We are unable to find any manifest error in the lower court's decision, and for the reasons hereinabove assigned, the judgment of the lower court will be affirmed, defendant to pay all costs of this appeal.
Judgment affirmed.