HARDY, Judge.
This action for injunctive relief was instituted by plaintiffs, husband and wife, against authorities of the public school system in the City of Monroe. Named as defendants were the Principal of Neville High School, the Superintendent of the Monroe City School System, and the Monroe City School Board.
Plaintiffs’ petition alleged that they were lawfully married on February 24, 1965; that, thereafter, they were denied the right to attend Neville High School in which they had been students prior to marriage; that this action of the school authorities was based upon the policy or rule forbidding the attendance of married students in the high schools of the Monroe City School System. Plaintiffs further alleged that the policy or rule complained of is unlawful, discriminatory and constitutes a violation of petitioners’ constitutional rights. Petitioners prayed for the issuance of a temporary restraining order; the issuance of a rule nisi; *790 the granting of a preliminary injunction, and, after due proceedings, judgment for a permanent injunction and further judgment decreeing the policy of the Monroe City School Board affecting married students to be illegal, unconstitutional, invalid and void.
Responsive to the prayer of plaintiffs’ petition a temporary restraining order was granted and a rule nisi issued. After trial, there was judgment making the rule for preliminary injunction absolute, and, further judgment granting a permanent injunction forbidding the named defendants from prohibiting the attendance of plaintiffs as students of Neville High School of the City of Monroe on the ground of their marriage. From this judgment the defendants were granted orders of devolutive appeal.
Prior to the submission of this case on appeal, which was fixed for August 20, 1965, counsel for defendants-appellants filed a brief which contained the following statement:
“Shortly after the decision of the District Judge in their favor, they [plaintiffs] left school and apparently moved to California. The case had been appealed and lodged with this Honorable Court prior to any knowledge of this fact by this attorney.”
Proof of the facts contained in the above statement would indicate that the issues presented on appeal had become moot and that any opinion of this court would, therefore, be purely academic. In consideration of counsel’s representation that he was without knowledge of these facts prior to the time this appeal was lodged, the court contacted counsel by telephone and suggested that he file a formal motion to remand the case in order that evidence might be adduced with reference to the factual issue presented and for the further purpose of affording counsel for appellees an opportunity, if he so desired, to oppose the motion to remand.
Pursuant to this suggestion, the motion to remand was filed in this court on August 19th. The pertinent allegations of this motion are that within two weeks after rendition of judgment by the district court plaintiffs-appellees, voluntarily and without notice, dropped out of Neville High School and have since signified no intention of reentering; that appellees left the State of Louisiana to which they have only recently returned and are now living in the City of Alexandria in Rapides Parish with no apparent intent of returning to the City of Monroe.
Upon the basis of the above factual allegations the motion concluded that the prosecution of this appeal would be a vain and useless procedure. Accordingly, appellants prayed that the cause be remanded to the district court for disposition.
No opposition or answer to the motion to remand has been filed in this court but counsel for plaintiffs-appellees, in brief filed August 20, 1965, admits that appellees “ * * * did go to the California for a short period of time, but they are now back in Louisiana at Alexandria, where the husband is employed.”
Injunctive relief is an equitable proceeding primarily designed either for the enforcement of personal or property rights or the protection of these rights from disturbance or damage. The relief sought in the instant case is purely personal and the judgment rendered in favor of plaintiffs was designed to effect the enforcement and protection of their asserted rights. In our opinion, it is, therefore, of the utmost importance to determine whether, after the granting of the relief sought the plaintiffs voluntarily abandoned the very rights which they had so strenuously asserted. Courts should not be used for the purpose of satisfying the whims and desires of parties litigant. The extraordinary remedy by injunc-tive relief should not be abused through the solemn judicial process in order to obtain a result which would be purely academic in nature and which, in effect, would consti *791 tute only a futile pronouncement without real meaning or purpose.
For the reasons assigned it is ordered, adjudged and decreed that this case be and it is remanded to the Honorable Fourth Judicial District Court in and for the Parish of Ouachita, State of Louisiana, with instructions as follows:
(1). That the case be re-opened for the purpose of receiving evidence bearing on the factual allegations asserted in the motion to remand;
(2). That after a full hearing on the factual allegations asserted by the motion to remand the case be returned to this court for disposition on appeal;
(3). That pending final judgment of this court after compliance with the above instructions and re-submission of the case on appeal, the injunction issued herein by judgment of the district court be continued in effect.
It is further ordered that the assessment of costs be held in abeyance pending final disposition of this appeal