**HUMBLE OIL & REFINING COMPANY**
**v.**
**Jack F. HARANG et al.**
**No. 66–697.**

United States District Court
E. D. Louisiana,
New Orleans Division.
Dec. 19, 1966.

H. H. Hillyer, Jr., New Orleans, La., for plaintiff.

Cicero C. Sessions, New Orleans, La., for defendant.

RUBIN, District Judge.

At the start of this litigation, the plaintiff seeks a preliminary injunction to prevent one of the defendants, Jack F. Harang, from destroying "any document, record, check, map or writing relating to" certain transactions entered into by Harang or by a corporation which he is alleged to control.

The complaint alleges that Harang or other persons acting at his command or urging will conceal, destroy, or otherwise place these documents beyond the reach of the court unless enjoined from doing so. It supports this allegation by an affidavit of one of the lawyers for the plaintiff which states:

> "Affiant is informed and believes and hence states that Harang has already attempted to secure the destruction of certain records reflecting his connection with said ex-employee. Because of the nature of the frauds practiced upon plaintiff, the concealment already accomplished, and the destruction of records already sought, affiant verily believes and, therefore, states that Harang will attempt to conceal further written evidence against him * * * * "

The charges made in the complaint are briefly as follows: Harang entered into a conspiracy with a geologist who was then an employee of the plaintiff and who had access to confidential geophysical and geological information belonging to the plaintiff. The geologist-employee (now of course no longer an employee) would advise Harang of the plaintiff's proposed operations or acquisitions in a given area so as to permit Harang individually or through an intermediary to take leases or farmouts before the plaintiff could do so. Harang would then cause his agent or lease broker to offer to sell the leases or farmouts to the plaintiff or to other operators. As a result, Harang and the ex-employee made large profits in a number of transactions and have also gained secret overriding royalty interests for which neither has accounted to anyone. To conceal his part in these transactions, the geologist-employee set up a controlled corporation, Tammany Enterprises, Inc., and Harang used a wholly owned corporation, Geological, Geophysical Associates, Inc.

There are four counts in the complaint, which joins as parties Geological, Geophysical Associates, Inc., and seven other individual defendants who are alleged to have been unwitting participants in the conspiracy. The first count seeks dam-

ages for the tortious conduct alleged. The second count seeks an accounting for all monies and other things of value realized as a result of the conspiracy. The third count seeks an accounting for all profits and benefits derived from transactions in which plaintiff's confidential information was unauthorizedly furnished the defendants, and seeks to impress a trust on any overriding royalty interest acquired by the use of the plaintiff's confidential information, and a judgment awarding as damages such sums as may be disclosed by the accounting. In an alternative fourth count, the plaintiff alleges that the action of the conspirators in using the plaintiff's secret information and breach of trust to exact profits from the plaintiff constituted fraud and seeks to rescind transactions entered into by the plaintiff with various of the defendants, and to recover the amounts paid by the plaintiff.

In the fourth count, the plaintiff alleges that it lies within the power of the defendant, Harang, to remove, conceal, or destroy the documents and other writings that might disclose information prejudicial to him or to cause this to be done and seeks both a temporary restraining order and preliminary injunction for the pendency of this suit. Permanent injunctive relief is not sought.

When the complaint was filed, plaintiff obtained leave of the Court to propound extensive requests for the admission of the truth of documents under Rule 36, Federal Rules of Civil Procedure, and a number of interrogatories under Rule 33, Federal Rules of Civil Procedure.

Because a temporary restraining order would merely preserve the status quo, and because of the nature of the acts charged, a restraining order was issued. However, this order expired during the hearing of the motion for preliminary injunction and it was not renewed.

■ The granting or denial of a preliminary injunction rests, of course, in the discretion of the trial court.[1] Since injunctive relief is an unusual remedy, it is available only in those instances in which the rights of the parties seeking the relief are not otherwise adequately protected by ordinary legal processes.[2] Nor should an injunction be issued where an adequate remedy or relief is obtainable by some other means.[3]

■ An injunction should be issued only to prevent irreparable injury, but the rush of a litigant to the courthouse to seek the court's aid in restraint of an adverse party is not justified merely because it is alleged that, in the absence of judicial prohibition, an event may occur, the consequences of which cannot be reversed.[4] The necessity for the injunction must be demonstrated clearly. Injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties.[5]

■ It is apparent that the plaintiff may be irreparably injured if the evidentiary documents necessary to prove its claim are destroyed or otherwise put

---

1. Walling v. Gulf States Paper Corp., 143 F.2d 301 (5th Cir. 1944); United States v. Board of Education of Green County, Miss., 332 F.2d 40 (5th Cir. 1964); Frostie Co. v. Dr. Pepper Co., 361 F.2d 124 (5th Cir. 1966).

2. Amacker v. Amacker, 146 So.2d 672 (La. App.1962); Ricou v. International Paper Company, 117 F.Supp. 128 (D.C.La. 1953); Chapital v. Walker, 30 So.2d 150 (La.App.1947). See also McComb v. Goldblatt Brothers, Inc., 166 F.2d 387 (7th Cir. 1948).

3. State ex rel. Jaffrey v. Judge, Ninth Judicial District, 39 La.Ann. 1108, 3 So. 342 (1887).

4. Congress of Racial Equality v. Douglas, 318 F.2d 95 (5th Cir. 1963); see also Blease v. Safety Transit Co., 50 F.2d 852 (4th Cir. 1931); Aerated Products Co., etc. v. Department of Health, 159 F.2d 851 (3rd Cir. 1947).

5. Dyer v. Securities and Exchange Comm., 291 F.2d 774 (8th Cir. 1961); Congress of Racial Equality v. Douglas, 318 F.2d 95 (5th Cir. 1963); Worthington Pump and Machinery Corp. v. Douds, 97 F. Supp. 656 (D.C.N.Y.1951); Leland v. Morin, 104 F.Supp. 401 (D.C.N.Y.1952); Gainey v. Folkman, 114 F.Supp. 231 (D. C.Ariz.1953).

beyond the reach of the court. But this is true in every situation in which proof of a claim rests on documentary evidence; the parties may be irreparably injured if the documents are destroyed. Were the fact that a party to a law suit would suffer irreparable injury if a document were destroyed the sole test for the issuance of an injunction to prevent its destruction, injunctions should issue in every case in which important documents are within the control of either party. Obviously, this is not done and it cannot and should not be done. When the party who seeks an injunction shows potential irreparable injury, he has established merely one essential condition for relief. He must demonstrate in addition that there is real danger that the acts to be enjoined will occur, that there is no other remedy available, and that, under these circumstances, the court should exercise its discretion to afford the unusual relief provided by its injunction.

It goes without saying that Rule 34 of the Federal Rules of Civil Procedure embodies the normal procedure for the discovery of documents. There is virtually no textual authority or jurisprudence dealing with the issuance of an injunction to prevent the destruction of documents during the course of litigation. However, in Moore's Federal Practice, Section 34.19 (page 2480), the author states:

"There is no reason for issuance of an injunction either in lieu of or in aid of discovery under Rule 34."

This observation is based upon the decision in Humble Oil & Refining Company v. Sun Oil Company, 175 F.2d 670 (5th Cir. 1949). While that case involved an injunction sought to prevent interference with the inspection of premises, the Court found that an injunction had been improvidently granted by the trial court whether the order was to be considered an entirely independent injunction or merely in aid of discovery under Rule 34. The Court observed:

"What appellee is attempting to do here is, without any necessity or reason for it, to employ a substitute procedure for that provided in the rules. This procedure is not only more cumbersome and less precise and effective in the trial court, but it enables the progress of the suit to be delayed while interlocutory appeals are being heard. In addition, by introducing interlocutory appealable orders where the rules provide for none, it unduly increases the burdens of the appellate Court."

■ Counsel for the plaintiff correctly points out that a distinction can be drawn between the present case and Humble Oil & Refining Company v. Sun Oil Company, supra, on the basis that Rule 37 provides no penalty if the defendant should destroy the records sought in this case before an order for their production can be obtained. The defendant, however, testified that he had all of the original records in his possession, and had no intention of destroying them. His counsel made an offer at the trial of the rule to exchange documents in an orderly discovery procedure. The plaintiff offered no proof that there was an imminent threat of destruction or concealment of the evidentiary documents before a satisfactory order could be obtained under Rule 34, except the otherwise unsupported affidavit already quoted. This proof was not adequate to meet the burden that rests upon the plaintiff to demonstrate that the extraordinary remedy sought by it should be granted in the face of the defendant's testimony and the offer of defendant's counsel.

■ The plaintiff also contended that the injunction should issue because, until preliminary discovery is completed, it cannot describe the documents it seeks with sufficient detail to obtain an order for their production under Rule 34. If this is so, how can the injunction be properly enforced? A court, of course, normally refrains from issuing an injunction unless the injunction "will be

effective to prevent the damage which it seeks to prevent." [6]

It is true that the injunction sought would cause no hardship to the defendant since it would command him merely to do what he testified in open court that he had every intention of doing. Nonetheless, the lack of hardship on the defendant is not of itself sufficient reason for granting an injunction.[7] The proper case for an injunction must be made out by the plaintiff, and it does not suffice to say, "Issue it because it won't hurt the other party."

At the conclusion of the hearing, the defendant, Harang, orally withdrew his motion for a preliminary injunction against the plaintiff, and the Court ordered it dismissed. Judgment is therefore entered denying the plaintiff's motion for a preliminary injunction and dismissing the defendant's motion for a preliminary injunction.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTIONS FOR PRELIMINARY INJUNCTION

This matter came on for hearing on plaintiff's motion for a preliminary injunction directed at two of the defendants, Jack F. Harang and Geological, Geophysical Associates, Inc., to restrain them from concealing or destroying documents pertaining to the plaintiff's action, and on these defendants' similar motion directed to plaintiff. Plaintiff relied on the pleadings and an affidavit. Defendant, Harang, testified under oath, and defendants likewise relied on certain affidavits. After hearing, the Court denied plaintiff's motion for a preliminary injunction, upon which defendants sought to withdraw their motion and the Court ordered it denied.

## FINDINGS OF FACT

1. In the face of the testimony of Jack F. Harang, and the offer made by his counsel to produce documents in his possession, the evidence presented by the affidavit offered by the plaintiff is insufficient to demonstrate that the defendants, Jack F. Harang and Geological, Geophysical Associates, Inc., are likely to conceal or destroy the documents in their possession.

2. The defendant has made no adequate showing that the plaintiff is likely to conceal or destroy the documents in its possession.

3. The injunctive relief here sought is in aid of discovery at least in part, and is sought merely for the pendency of the suit.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this matter in its diversity jurisdiction.

2. Injunctive relief is not available where the Mover does not establish that the party sought to be enjoined is likely to commit the acts sought to be enjoined. 14A Cyclopedia of Federal Procedure 244, 245, § 73.11. See also citations in the court's reasons for judgment.

3. An injunction should be granted only where a clear need for it exists, and where there is no other adequate remedy at law. It should not be issued unless a real need for it is shown, nor should it be issued merely to allay the fears of the parties.

4. Discovery procedures already commenced by the plaintiff, and the additional discovery procedures available under Rule 34 of the Federal Rules of Civil Procedure, with the enforcement provisions available under Rule 37 and the additional availability of Rule 45, present an adequate remedy to the plaintiff under the facts here presented. Injunctive relief is not normally available in aid of or in lieu of discovery under Rule 34, Federal Rules of Civil Procedure.

---

6. Great Northern Railway Company v. Lumber & Sawmill Workers Local Union No. 2409, 140 F.Supp. 393 (D.C. Mont.1955); Heard v. Seegers, 178 So.2d 789 (La.App.2d, 1965).

7. Christ v. Vending Enterprises, Inc., 191 F.Supp. 485 (E.D.N.Y.1964).

Humble Oil & Refining Company v. Sun Oil Company, 5 Cir., 175 F.2d 670.

5. There is an insufficient factual basis and an inadequate legal basis shown for the preliminary injunctive relief moved for to be granted.

■ 6. Since no permanent injunction is sought by either party, this case does not fall within the provisions of Rule 65(a) (2) and therefore it was not possible to consolidate the hearing on preliminary injunction with the trial on the merits and advance the latter.

For the foregoing reasons, the preliminary injunction herein sought by the plaintiff is denied. Considering the defendants' oral motion to dismiss their request for a preliminary injunction, their motion is denied. Let decree be entered accordingly.

## REASONS FOR ORDER

The defendants, Jack F. Harang, and Geological, Geophysical Associates, Inc., seek to compel the joinder in this action of Charles H. Ritchey under the provisions of revised Rule 19, Federal Rules of Civil Procedure. They ask, in the alternative, for summary judgment of dismissal on the basis that Ritchey is an indispensable party to this action.

Rule 19(a), as revised, provides in part:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action * * *."

Rule 19(b), which is relied on by the defendants in the alternative, provides that:

"If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismiss-

ed, the absent person being thus regarded as indispensable. * * *"

Article 2324 of the Louisiana Civil Code provides:

"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

■ It is well settled in Louisiana that a solidary obligor, such as a joint tortfeasor, may be sued without the joinder of other tortfeasors. See, for example, Sepulvado v. General Fire & Casualty Co., 146 So.2d 428 (La.App. 3rd Cir. 1962), cert. den.; Ford v. Williams, 62 So.2d 838 (La.App. 1st Cir. 1953); Williams v. Pelican Creamery, Inc., 30 So.2d 574 (La.App. 1st Cir. 1947); and Roppollo v. Pick, 4 So.2d 839 (Orleans App. 1941).

■ The complaint alleges merely that Ritchey was, in effect, a joint tortfeasor. Since the complaint on its face shows that he does not claim an interest relating to the subject of the action, the second alternative provision of Rule 19(a) is inapplicable and his joinder should be compelled only if "in his absence complete relief cannot be accorded among those already parties * * *." However, the complaint casts Ritchey in effect in the role of a joint wrongdoer. The relief the complaint seeks can be accorded from the defendants named in the complaint.

Rule 19 has recently been amended. The Advisory Committee's note concerning the amendment indicates that this is not a proper case for compulsory joinder.

"It should be noted particularly, however, that the description is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability. See 3 Moore's Federal Practice, § 2153 (2d Ed. 1963); 2 Barron & Holtzoff, Federal Practice & Procedure § 513.8 (Wright Ed. 1961). Joinder of these

tortfeasors continues to be regulated by Rule 20; compare Rule 14 on third-party practice."

Apparently, therefore, it was the intention of the Advisory Committee in proposing the amendment to Rule 19, and of the Supreme Court in adopting it, to make no change in the rule previously applied to joint tortfeasors. This rule is set forth in Volume 2 of Barron & Holtzoff, Federal Practice & Procedure, Section 513.8, page 127 as follows:

"Since the liability of joint tortfeasors is joint and several, the plaintiff may sue one or more as he chooses. The omitted wrongdoers are neither indispensable nor necessary."

Obviously Rule 19(b) is inapplicable here because it applies only if a person who should be joined under the provisions of Rule 19(a) cannot be made a party for some reason. Therefore, the action cannot be dismissed under its provisions.

For the reasons given, the defendant's motion is denied.