David HESTER, et al., Plaintiffs,

v.

BAYER CORPORATION,
et al., Defendants.

No. CIV.A. 01–D–1301–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 21, 2001.

Jere L. Beasley, Andy D. Birchfield, Jr., Melissa A. Prickett, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, Joel K. Gregg, Law Office of Jerry L. Thornton, Hayneville, AL, J. Clay Benson, Jr., Esco & Benson LLC, Montgomery, AL, for David Hester, Jeffrey Downes, Benjamin Moncrief, Max Murr, plaintiffs.

James W. Gewin, Fred M. (Tripp) Haston, III, John D. Owen, Brian A. Wahl, Bradley, Arant, Rose & White, LLP, Birmingham, AL, Sara J. Gourley, Susan A. Weber, Sidley Austin Brown & Wood, Chicago, IL, Gene C. Schaerr, Paul J. Zidlicky, Rebecca K. Smith, Sidley Austin Brown & Wood, Washington, DC, Richard K. Dandrea, Michael R. Borasky, Eckert Seamans Cherin & Mellott, LLC, Pittsburgh, PA, Philip H. Butler, Bradley Arant Rose & White, LLP, Montgomery, AL, Philip S. Beck, Adam L. Hoeflich, Andrew Goldman, Tarek Ismail, Barlit Beck Herman Palenchar & Scott, Chicago, IL, Bayer AG, [Pro se], Bayer Pharmaceutical Division, [Pro se], West Haven, CT, Joseph P.H. Babington, Helmsing, Leach, Herlong, Newman & Rouse, P.C., Mobile, AL, Fred T. Magaziner, Robert A. Limbacher, Hope S. Freiwald, Dechert Price & Rhoads, Philadelphia, PA, CVS, Inc., [Pro se], Columbiana, AL, Yancey Park Drug Company, Inc., [Pro se], Montgomery, AL, for Bayer Corporation, Bayer AG, Bayer Pharmaceutical Division, Glaxosmithkline, CVS, Inc., Yancey Park Drug Company, Inc., defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Bayer Corporation's ("Bayer") Emergency Motion To Vacate which was filed on November 14, 2001.[1] (Doc. No. 6.) Plaintiffs filed a Response thereto on November 21 (Doc. No. 16), to which Bayer filed a Reply on November 30. (Doc. No. 20.) Plaintiffs in turn filed a Supplemental Response on December 3 (Doc. No. 21), which was met in kind on December 7 by Bayer's Supplemental Brief. (Doc. No. 22.) Upon careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Bayer's Motion To Vacate is due to be granted.

## I. JURISDICTION AND VENUE

The court exercises jurisdiction over the subject matter of the present controversy pursuant to 28 U.S.C. § 1332. The Parties do not contest personal jurisdiction or venue.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The present cause of action is one of several hundred products liability suits pending nationwide against Defendants Bayer and GSK concerning the alleged health problems associated with the prescription drug Baycol. Though the cause of action was originally brought in the Circuit Court of Montgomery, Alabama, Bayer and GSK removed the matter to the present forum pursuant to 28 U.S.C. § 1446 on the basis of diverse citizenship. Prior to removal, however, Plaintiffs, in an *ex parte* proceeding, successfully petitioned the state court to enter a document preservation order. According thereto, Defendants are required to "preserve all documents and information, whether [in] paper or electronic format, pertaining to Baycol." (Mot.Ex. B.) As such, they have been ordered to "suspend all routine destruction of documents, including but not limited to, recycling back-up tapes, automated deletion of e-mail, and reformatting hard drives." (*Id.*) Shortly after removing the matter to federal court, Defendants requested that the court vacate the preservation order. Upon first having determined the propriety of its exercise of jurisdiction, the court will now address the providence of the state court's preservation order.

## III. DISCUSSION

It is well established that "a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." *Maseda v. Honda Motor Co., Ltd.,* 861 F.2d 1248, 1252 (11th Cir.1988); *see also* 28 U.S.C. § 1450. The Parties disagree as to

---

1. Defendant GlaxoSmithKline ("GSK") has subsequently joined in this Motion. (Doc. No. 13.)

whether the preservation order presently restraining Defendants can be characterized as injunctive in nature, thereby demanding accordance with Rule 65 of the Federal Rule of Civil Procedure, or whether it is no more than a discretionary order inherent in the trial court's general case-management authority. Defendants have cited caselaw suggesting that the former is true, *see Pepsi–Cola Bottling Co. v. Cargill, Inc.*, 1995 WL 783610, at *3 (D.Minn. Oct.20, 1995); *Humble Oil & Ref. Co. v. Harang*, 262 F.Supp. 39, 42–44 (E.D.La.1966), whereas Plaintiffs have been much more agnostic, asserting simply that document preservation orders "are common in complex litigations," *HJB, Inc. v. Am. Home Prods. Corp.*, 1994 WL 31005, at *1 (N.D.Ill. Feb.1, 1994), and readily fall within the trial court's "very broad discretion regarding discovery matters." *Ex parte Thomas*, 628 So.2d 483, 485 (Ala.1993). The court is not persuaded that such a distinction is of material significance, for considerations of fairness, equity and efficiency enter the calculus either way.

The court believes the more appropriate question to ask is whether such an order is appropriate in the first place, and if so the proper shape it should take. Whenever a lawsuit is filed, the defendant is automatically required to take all appropriate steps to preserve any and all information which might be relevant to that litigation. *See* Fed. R.Civ.P. 26. To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists. The possibility that a document preservation order might induce a cavalier defendant to elect the moral high road, however, must be the justification for the entry of such orders, and this possibility begs examination.

By its letter, the Federal Rules of Civil Procedure only permit a court to sanction such errant proclivities when an order has already been imposed. *See* Fed.R.Civ.P. 37(b). However, courts have long exercised this very same discretion in the absence of such orders, basing their authority in the "inherent power to regulate litigation, preserve and protect the proceedings before [them], and sanction parties for abusive practices." *Capellupo v. FMC Corp.*, 126 F.R.D. 545, 551 (D.Minn.1989) (citing cases); *see also Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (discussing contours of federal court's inherent sanctioning authority). Additionally, the common law of a number of states recognize a cause of action sounding in tort for the spoliation of evidence, thereby creating an additional incentive for defendants and further calling into question the need for preservation orders.[2] As such, the extent to which a preservation order might provide additional incentive for defendants is unclear.

Of course, there is one clear advantage of a preservation order, and that is the efficiency it offers the parties and the court vis à vis the other mechanisms discussed above. There is no need to engage in satellite litigation regarding a defendant's actions when the court most familiar with such actions can impose immediate sanctions. Moreover, the court's "inherent power" itself has limitations, *see id.*, so plaintiffs may take comfort in the unquestionable authority offered by Rule 37(b), and defendants likewise can be provided guidance as to which steps might be appropriate given the clear delineation provided by a preservation order. Indeed, like snowflakes, no two litigations are alike, so a

---

2. Although Alabama courts have yet to recognize such a cause of action, *Christian v. Kenneth Chandler Constr. Co., Inc.*, 658 So.2d 408, 413 (Ala.1995) ("[T]he particular facts of the case make it inappropriate for us to consider recognizing a new cause of action at this time."), "the spoliation, or attempt to suppress material evidence by a party to a suit, favorable to an adversary, is sufficient foundation for an inference of ... guilt or negligence." *May v. Moore*, 424 So.2d 596, 603 (Ala.1982). Additionally, Defendants are already subject to suits pending in multiple jurisdictions, many of which do recognize a separate cause of action for spoliation of evidence. *See, e.g., Smith v. Howard Johnson Co.*, 67 Ohio St.3d 28, 615 N.E.2d 1037, 1038 (1993); *Hirsch v. Gen. Motors Corp.*, 266 N.J.Super. 222, 628 A.2d 1108, 1115 (Law Div.1993); *Continental Ins. Co. v. Herman*, 576 So.2d 313, 315 (Fla.Dist.Ct.App.1990); *Hazen v. Anchorage*, 718 P.2d 456, 463–64 (Alaska 1986).

preservation order tailored to the particular issues of the lawsuit in question may best ensure a forthright and expeditious discovery process. Herein lies the shortcomings of the present order.

Plaintiffs sought the entry of an open-ended order on an *ex parte* basis. Defendants were not given the opportunity to inform the court that they were already taking the appropriate steps as required by the law (Mot.Ex. A), nor were they given the opportunity to assist in the shaping of said order. Consequently, Defendants find themselves between the Scylla of the great costs of complying with the broad order,[3] and the Charybdis of the imposition of sanctions which might result from the routine destruction of documents. Moreover, there is no mechanism by which Defendants can limit such costs by gaining the approval of either the court of Plaintiffs' counsel regarding the non-essential nature of a given document. Even the sole case upon which Plaintiffs rely for the appropriateness of preservation orders allude to the need for such reasonable procedures therein. *HJB, Inc.*, 1994 WL 31005, at *1 ("Furthermore, the proposed order provides a mechanism for document destruction after appropriate advance notice to opposing counsel either pursuant to agreement or court approval. We trust that this mechanism will sufficiently address defendants' concerns as they arise."); *see also* David Herr, *Manual For Complex Litigation* § 21.442, at 81 (1999) ("Such an order should ordinarily permit destruction after reasonable notice to counsel.").

■ The court finds the methods employed by Plaintiffs' counsel to be an affront to the proper gamesmanship inherent in the adversarial system. They provided the state court with no evidence suggesting the possibility that evidence was at risk; the one page request for the preservation order was based entirely upon "information and belief." (Mot.Ex. B.) Whether or not an *ex parte* proceeding is the proper form for the entry of such an order, at the very least *some* evidence should be offered to justify such an

extreme remedy. The court will entertain the entry of a preservation order should it comply with equitable concerns of all interested parties, but on the face of the record as it presently stands, the present order is due to be vacated.

## IV. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' Motion to Vacate be and the same is hereby GRANTED.

---

**3.** An affidavit from a different action involving a similar preservation order, attached as Exhibit A to Defendants' Supplemental Brief, attests that

the costa of compliance with said order runs in the neighborhood of $50,000 per month.