**METEX CORPORATION, a Delaware corporation, Appellant,**

v.

**ACS INDUSTRIES, INC., a Rhode Island corporation, George Botvin, and the United States Department of Justice, Appellees.**

**No. 84–5159.**

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1984.

Decided Nov. 14, 1984.

---

Edward A. Zunz, Jr. (argued), Joan E. Goldstein, Riker, Danzig, Scherer & Hyland, Morristown, N.J., for appellant.

John M. Calimafde, Dennis J. Mondolino (argued), Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, Bruce I. Goldstein, Saiber, Schlesinger, Satz & Goldstein, Newark, N.J., for appellees ACS Industries and George Botvin.

W. Hunt Dumont, U.S. Atty., Newark, N.J., Richard K. Willard, Acting Asst. Atty. Gen., Leonard Schaitman, Marleigh D. Dover (argued), Dept. of Justice, Civil Div., Washington, D.C., for appellee U.S. Dept. of Justice.

Before SEITZ and BECKER, Circuit Judges, and TEITELBAUM, District Judge.*

## OPINION OF THE COURT

BECKER, Circuit Judge.

This case presents the question whether we have appellate jurisdiction over an order of the district court denying motions for summary judgment and for a "mandatory injunction," where the effect of the order was to deprive a plaintiff in an unfair competition suit of access under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982), to certain materials developed by the Federal Bureau of Investigation in the course of a criminal investigation into the acts that formed the basis for the suit. The appeal presents a number of interesting questions concerning the character of the FOIA statute and the rules of interlocutory appealability. For the reasons that follow, we dismiss the appeal for lack of appellate jurisdiction.

### I.

Appellant Metex Corporation brought suit in the District Court for the District of New Jersey against ACS Industries, its competitor in the knit wire mesh industry, and George Botvin, the controlling shareholder and principal officer of ACS, alleging that Botvin had attempted to misappro-

priate confidential trade information from Victor Parrill, a consultant to and former employee of Metex, by offering him a bribe. As part of an investigation of possible criminal behavior, the FBI, with the consent and cooperation of Parrill, taped a series of telephone calls and also taped a meeting during which a deal to sell information was allegedly made. Before bringing suit in this case, Metex requested the disclosure of these tapes and attendant records [1] from the FBI's parent agency, the United States Department of Justice ("DOJ"), under FOIA.[2] DOJ denied Metex's request on the ground that the materials were exempt from release because they were investigatory records compiled for law enforcement purposes. *See* 5 U.S.C. § 552(b)(7)(C) (1982). Alternatively, DOJ asserted that the Privacy Act, 5 U.S.C. § 552a (1982), precluded release of the materials without the consent of Botvin and Parrill.[3] After exhausting its administrative appeals and in lieu of a separate law suit, Metex joined the DOJ as a defendant in Metex's unfair competition suit against ACS, alleging in the third count of its complaint that it was entitled under FOIA to an injunction compelling the DOJ to release the relevant materials.

Metex subsequently moved for summary judgment on its claim against DOJ. The district court denied the motion, announcing from the bench that the 7(C) exemption "is clear at this stage even though ultimately the FOIA's presumption in favor of disclosure may require further scrutiny of defendant's claimed privacy right .... I need not do that in this summary judgment motion here today." Appendix at 165a.

---

* Honorable Hubert I. Teitelbaum, Chief United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. Metex also requested "logs and investigatory notes concerning an alleged attempt by Botvin to misappropriate trade secrets from one Roger Weinberg, a Metex customer." Appendix at 159a.

2. Metex contends that the records sought under FOIA are crucial to its suit against ACS and George Botvin. Asserting that the other evidence as to what transpired is equivocal, Metex

submits that the FBI records will conclusively resolve disputes about what actually transpired during the meeting and telephone calls by providing the factfinder with an otherwise unavailable opportunity to assess the nuances of the exchanges between Parrill and Botvin. *See* Appellant's Brief at 6–7, 14–15.

3. Victor Parrill has consented to release of the relevant records. Appendix at 49a (Certification of Victor Parrill), but George Botvin has not consented.

Immediately after this ruling was made, Metex asked the district court for leave to amend its motion to request an injunction ordering Botvin to consent to a release of the materials. When neither party objected, the court allowed the amendment, but denied the newly interposed request for injunctive relief. The district court formalized these decisions in an order issued on February 3, 1984, which: (1) denied Metex's motion for summary judgment and for an injunction to compel DOJ to produce certain materials pursuant to FOIA; and (2) denied Metex's request for a mandatory injunction to compel ACS and George Botvin to authorize release of the tape recordings and documentary records in possession of the DOJ. Metex appealed. ACS, Botvin, and the United States have moved to dismiss the appeal, arguing that this court lacks appellate jurisdiction. We first take up the appealability of the district court's order pertaining to DOJ, and then consider the appealability of the denial of the injunction against ACS and Botvin.

## II.

Metex argues that the denial of its motion for summary judgment against the government on the FOIA claim is immediately appealable under either 28 U.S.C. § 1291 or § 1292. We consider these alleged grounds for jurisdiction in turn.

## A.

Generally, § 1291 does not give this court jurisdiction to consider the denial of a motion for summary judgment. *See For-syth v. Kleindienst*, 599 F.2d 1203, 1207 (3d Cir.1979), *cert. denied sub nom. Mitchell v. Forsyth*, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981); *Hart v. Overseas*

*Nat'l Airways, Inc.*, 541 F.2d 386, 394 (3d Cir.1976). In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), however, the Supreme Court announced the narrow "collateral order" exception that allows appellate review under § 1291 of certain orders that are not formally final. The Supreme Court has more recently explained that "[t]o come within the 'small class' of decisions excepted from the final judgment rule by *Cohen*, the order must *conclusively* determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (emphasis added). Construing the collateral order doctrine narrowly, we have held that each of the three independent requirements must be met before appellate review is permitted. *Lusardi v. Xerox Corp.*, 747 F.2d 174, at 176 (3d Cir.1984) (citing *Rodgers v. United States Steel Corp.*, 508 F.2d 152, 159 (3d Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); *Yakowicz v. Commonwealth of Pa.*, 683 F.2d 778, 783 (3d Cir.1982)).

█ Metex's appeal does not meet the *Livesay* test. The district court did not treat its ruling on the summary judgment motion as final; rather, it indicated that it was prepared to reconsider the motion at a later time. *See* Appendix at 165a (passage quoted *supra* at page 152). Because the district court explicitly left open renewed consideration of the FOIA claim, the order was not "conclusively determine[d]" within the meaning of *Cohen.*[4] *Cf. Lusardi v.*

---

**4.** The possibility of further consideration of the FOIA claim by the district court is particularly important in this case because the district court has not yet had an opportunity to consider Metex's full argument in favor of disclosure. *See* Appendix at 163a ("Plaintiff, however, does not assert any public interest in the disclosure."). It was only after an appeal was taken from the denial of summary judgment that Metex amended its claim to include a count based on the alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961

*et seq.* (1982) ("RICO"). Based on these new allegations, Metex now argues before this court that disclosure under 7(C) is warranted because such disclosure would "advance[ ] an 'indirect public purpose' by aiding the government in maintaining an honest marketplace and by deterring unfair trade practices." Appellant's Brief at 18; *see id.* at 17–18. Whether this alleged indirect public purpose is relevant to the 7(C) exemption is the type of determination that the district court would be able to make on

*Xerox Corp.*, at 177–178 (certification of a class action under the Age Discrimination in Employment Act fails the first part of the *Cohen* test because the order "is subject to revision by the district court.").

B.

■ Appellant also contends that § 1292 gives this court jurisdiction to consider the merits of its FOIA claim because it seeks injunctive relief against the DOJ. Section 1292(a)(1) allows review of orders by a district judge "granting, continuing, modifying, refusing or dissolving injunctions." The long-standing rule in this circuit, however, is that this language does not confer jurisdiction to hear an appeal from any denial of summary judgment merely because the granting of the motion would have resulted in an injunction. *See Morgenstern Chemical Co. v. Schering Corp.*, 181 F.2d 160, 162 (3d Cir.1950). *Morgenstern* suggested that jurisdiction of such orders under § 1292 would lie only when a party could demonstrate "the potential of drastic and far-reaching effect on the rights of the parties which is characteristic of orders which decide the propriety of granting or refusing injunctions." *Id.*

■ The approach to the denial of summary judgment developed by this court in *Morgenstern* is fully consistent with a recent opinion of the Supreme Court that discusses the applicability of § 1292 to orders whose effect is the denial of immediate injunctive relief. In *Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981), the Court con-

cluded that § 1292(a)(1) allows jurisdiction over only a relatively narrow range of such orders: "[A]ppeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'" *Id.* at 84, 101 S.Ct. at 996 (quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)). *Carson* then established a two-part test for appealability: the appellant must demonstrate that serious, perhaps irreparable, consequences will occur if an immediate appeal is not permitted, and that an immediate appeal is necessary to allow an effective challenge of the order.[5]

■ Appellant does not present any factors specific to this appeal indicating that the *Carson* test has been met. Its failure in this regard is understandable. Dismissal of this appeal would not have serious consequences for appellant because its FOIA claim is still open for consideration on remand and, as the government noted at oral argument, the materials apparently are obtainable by more traditional discovery methods.[6] Moreover, dismissal of this appeal would not preclude an effective appeal if one is considered necessary at a later date: the issues regarding appellant's FOIA claim will not be obscured, and perhaps will be better illuminated, by the passage of time.[7]

Metex attempts to justify an immediate appeal in this case by arguing that the

reconsideration of the FOIA claim. *Cf. Ferri v. Bell*, 671 F.2d 769, 770 (3d Cir.1982), *modifying on rehearing*, 645 F.2d 1213 (3d Cir.1981) (The initial evaluation of a FOIA request based on the presence of new allegations "should be made in the first instance by the district court to which we have remanded this case, after the appellant has been afforded an opportunity to respond to them.").

5. In *United States v. RMI Co.*, 661 F.2d 279 (3d Cir.1981), we applied the *Carson* test and concluded that there was no appellate jurisdiction over the appeal of an order that granted the defendant's motion for partial summary judgment and that had the effect of denying the

injunctive relief requested by the government. In *RMI*, the government was unable to make the showing necessary to justify appellate jurisdiction.

6. The difference between the objective of public disclosure that underlies FOIA and the needs of private litigants that are served by the discovery rules is discussed *infra* at note 10 and accompanying text. Unlike public FOIA disclosure, for example, discovery of materials in civil litigation may be subject to a carefully tailored protective order under Fed.R.Civ.P. 26(c).

7. *See supra* note 4.

Supreme Court has differentiated between FOIA discovery requests and ordinary discovery requests, citing *NLRB v. Robbins Tire and Rubber Co.,* 437 U.S. 214, 238, 98 S.Ct. 2311, 2325, 57 L.Ed.2d 159 (1978).[8] *Robbins Tire,* however, does not support that proposition. While *Robbins* states that an administrative denial of an FOIA request may be immediately reviewed in district court (and that the district court's decision can then be reviewed in the Court of Appeals), *Robbins* does not address the question whether an appeal from the district court's determination is jurisdictional without regard to the requirements of § 1291 and § 1292.[9]

▪ Neither the language nor the policy of FOIA counsels that an immediate appeal of a denial of a motion for summary judgment is necessary in this case. Regarding the language of FOIA, we agree with the court's statement in *Center for Nat'l Security Studies v. CIA,* 711 F.2d 409, 414 (D.C.Cir.1983), that there is "no indication in either the FOIA or its legislative history ... that suggests th[e] emphasis on prompt disclosure would permit circumvention of traditional adjudicative procedures." An immediate appeal in this case also cannot be justified by referring to the policy of FOIA. We take note of appellant's argument that the information requested is nec-

essary to resolve properly the underlying civil litigation now pending between appellant and ACS. FOIA, however, is a public disclosure statute and is not intended to replace or supplement the discovery of private litigants. *See NLRB v. Sears Roebuck & Co.,* 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513, 44 L.Ed.2d 29 (1975) ("the [FOIA] is fundamentally designed to inform the public about agency action and not to benefit private litigants"). *Accord, United States v. Weber Aircraft Corp.,* —— U.S. ——, 104 S.Ct. 1488, 1494, 79 L.Ed.2d 814 (1984).[10]

We hold, therefore, that we do not have jurisdiction to consider the FOIA claim either under § 1291, because the claim does not meet the collateral order test of *Cohen,* or under § 1292, because the claim does not meet the *Carson* test.

### III.

The district court's denial of the "mandatory injunction" to compel George Botvin to consent to disclosure of the FBI materials also presents substantial jurisdictional problems. The district court denied the injunction in its February 3 order after Metex had requested a mandatory injunction against Botvin at the January 23, 1984, hearing. *See* Appendix at 166a. In its denial of the injunction, the district court

---

**8.** Metex relies on the following language of *Robbins Tire,* 437 U.S. at 238, 98 S.Ct. at 2325:
  Unlike ordinary discovery contests, where rulings are generally not appealable until the conclusion of the proceedings, an agency's denial of a FOIA request is immediately reviewable in the District Court, and the District Court's decision can then be reviewed in the Court of Appeals.

**9.** This court's decision in *Coastal States Gas Corp. v. Dep't of Energy,* 644 F.2d 969 (3d Cir. 1981), also lends no support to Metex's claim that immediate appellate review is justified because a FOIA claim is at issue. The *Costal States Gas* panel applied the *Carson* test, discussed *supra,* before concluding that jurisdiction was proper under § 1292(a)(1). *See id.* at 974 & n. 15. The panel did not conclude that appellate jurisdiction was present simply because a FOIA request was involved.

**10.** This distinction between the public purpose that FOIA is intended to serve and the interests of private litigants was addressed recently in a

strikingly similar context. In *L & C Marine Transport, Ltd. v. United States,* 740 F.2d 919 (11th Cir.1984), the court stated:
  Plaintiffs-appellees have failed to present any evidence of how disclosure of the requested information would serve the public interest. L & C alleges that it needs the complete file to use as evidence in pending litigation. The private needs of the companies for documents in connection with litigation, however, play no part in whether disclosure is warranted [under exemption 7(C)].

*Id.,* at 923. *Cf. id.,* at 922 ("An individual does not lose his privacy interest under 7(C) because his identity as a witness may be discovered through other means [including discovery].": Tomlinson, *Use of the Freedom of Information Act for Discovery Purposes,* 43 Md.L.Rev. 119, 127 n. 24 (1984) ("A FOIA requester's status as a party to litigation ... should not enlarge his access to agency records.").

failed to specify its jurisdictional basis for considering the motion for injunctive relief and its rationale for refusing to grant it. The considerations relevant to the disposition of Metex's motion, as well as the objective of the requested relief, indicate, however, that Metex is seeking to compel discovery from Botvin. The appellant is, in essence, contending that the documents at issue are under the "control" of the appellees, within the meaning of Rule 36, Fed.R. Civ.P., and that the court should therefore require appellees to produce those documents in this litigation.

■■■ The rule is well settled that discovery orders are not appealable. *See, e.g., Eastern-Maico Distributors v. Maico-Fahrzeugfabrik,* 658 F.2d 944, 947 (3d Cir. 1981). Metex, however, has attempted to use the form of an injunction to circumvent this limit on the jurisdiction of the courts of appeals. This use of an injunction has, we believe, been appropriately rejected by the Fifth Circuit. *See Humble Oil & Refining Co. v. Sun Oil Co.,* 175 F.2d 670 (5th Cir.1949). We conclude that § 1292(a) does not grant jurisdiction over appeals from denials of injunctions that are sought solely to enable parties to gain discovery, regardless of how the request for relief is styled.[11] Indeed, if we were to conclude that the appeal of this type of injunction was within our jurisdiction under § 1292, we would likely open "a floodgate ... that brings into the [§ 1292] exception many pretrial orders." *Switzerland Cheese Association v. E. Horne's Market,* 385 U.S. 23, 24, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1960). In sum, because Metex was asking the district court to exercise its traditional injunctive powers to ensure appropriate discovery in civil litigation, *see* Rule 37, Fed.R.Civ.P., this court has no jurisdiction over the appeal.[12]

---

**11.** The proper way for Metex to resolve the issue that underlies the "injunction" would appear to be a motion for an order compelling discovery from Botvin and ACS pursuant to Rule 37. Metex could, of course, also seek discovery of the materials at issue in this case directly from the government. Depending on how the district court disposed of these requests, certification under § 1292(b) would then be available if prompt appellate resolution of the issue were considered necessary. Apparently, Metex's attorney entertained some doubt about whether the denial of the injunction against Botvin was immediately appealable because at the hearing in district court he requested § 1292(b) certification from the judge. *See* Appendix at 167a. This request was never pursued.

**12.** Because we conclude that Metex's motion to compel Botvin to consent to the release of the FBI materials was, in the context of this case, a motion to compel discovery, we note but need not resolve our serious concerns about whether the district court would have had jurisdiction under FOIA to consider the motion had it been unrelated to discovery in civil litigation. The power of a district court in resolving claims brought under FOIA is defined generally in 5 U.S.C. § 552(a)(4)(B): "On complaint, the district court ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." The extent to which a district court has authority to exercise other injunctive power pursuant to FOIA is unclear. *Compare Giza v. Secretary of Health, Education & Welfare,* 628 F.2d 748,

751 (1st Cir.1980) (discussing the express grant of injunctive power in § 552(a)(4)(B) and concluding that "a district court simply has no authority ... to compel an agency to generate explanatory material") *with Renegotiation Board v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 20, 95 S.Ct. 1028, 1038, 39 L.Ed.2d 123 (1974) ("With the express vesting of equitable jurisdiction in the court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court."). Even granting, as we must, that § 552(a) does not "prescribe[ ] [a] special and exclusive remedy," *Bannercraft Clothing,* 415 U.S. at 20, 94 S.Ct. at 1038, we have serious concerns about whether FOIA grants a court authority to order an individual to agree to government disclosure of otherwise exempt information. The need for such relief would only arise *after* the district court has determined that the requested information was properly exempt from disclosure under the terms of FOIA. Thus, consideration of this type of relief would appear to require the district court to decide whether it is appropriate to modify the scope of the statutory exemptions from disclosure, based on a weighing of equities that may be entirely irrelevant to the decision on exemption under FOIA. *Cf. supra* note 10. Such an exercise of authority by the judiciary in the face of very specific statutory exemptions from disclosure would be, in our view, extremely problematic. Notwithstanding our analysis in text, we also seriously doubt that there would be appellate jurisdiction over the denial of the request for

## IV.

Because we conclude that we have no jurisdiction over either portion of the February 3 order of the district court, the appeal will be dismissed and the case remanded to the district court for further proceedings.

Adams, Circuit Judge, filed a concurring opinion.

See also D.C., 486 F.Supp. 929.

injunctive relief against Botvin, assuming that the request had been brought under FOIA and was unrelated to civil discovery. Our doubts are based upon the holding in *Switzerland Cheese Ass'n v. E. Horne's Market,* 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966), where Justice Douglas held for the Court that § 1292(a)(1) did not extend jurisdiction over the appeal at issue in the case "because the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim." *Id.* at 25, 87 S.Ct. at 195. The Court concluded that an order "that in no way touch[es] on the merits of the claim but only relates to pretrial procedures" is not " 'interlocutory' within the meaning of § 1292(a)(1)." *Id.*
Even though *Switzerland Cheese* did not involve the direct denial of an injunction, its requirement that an "interlocutory" order actually touch upon or "tentatively settle" the merits of a

claim apparently should apply to *any* order if it is to be appealable under § 1292(a)(1). *But cf. Carson v. American Brands, Inc.,* 450 U.S. 79, 84–85, 101 S.Ct. 993, 996–997, 67 L.Ed.2d 59 (1981) (deciding that the lack of appellate jurisdiction in *Switzerland Cheese* could be traced to the failure of the appellant to meet the two-tier appealability test set out in *Carson* ). In the instant case the district court has apparently still not decided the merits of Metex's claim for disclosure under FOIA. *See* Appendix at 165a; *see also supra* note 4. Moreover, only after actually resolving the FOIA claim against the government on the merits would the district court be in a position to begin to consider the appellant's request for injunctive relief against Botvin, because a decision about the nature of Botvin's privacy rights would be crucial to the weighing of the equities involved. *See* Appendix at 165a. Such a decision is a prerequisite to an appealable order.